UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN M. DAVIS, | ) |
| Plaintiff | ) |
| v. | ) CAUSE NO. 3:05-CV-526 RM |
| FRANK CANARECCI, | ) |
| Defendant | ) |

OPINION AND ORDER

Shawn M. Davis, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Davis alleges that Officers David Williams and Neil Huffin violated his Eighth Amendment rights when they used excessive force against him. Mr. Davis is not suing those officers in this case. He sued them in an earlier lawsuit, Davis v. Williams, No. 3:05-cv-091 RM (N.D. Ind. filed February 14, 2005). In this case, Mr. Davis alleges that Sheriff Frank Canarecci is liable as their supervisor. "[T]he doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Mr. Davis has not alleged any personal involvement by the Sheriff, therefore this claim must be dismissed.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A. IT IS SO ORDERED.

ENTERED: August 29, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court